BILL GREEN v. STATE.
No. A-1527.   Opinion Filed January 18, 1913.
Appeal from Stephens County Court;
W. H. Admire, Judge.

Bill Green was convicted of a violation of the prohibitory law, and appeals. Reversed.

Wilkinson & Morris, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. Bill Green, the plaintiff in error, was convicted and sentenced to be confined for 30 days in the county jail and to pay a fine of fifty dollars, on an information which charged that he "did then and there sell to one Silas Gibson two one-half pints of whisky, contrary to," etc. The verdict was signed by five of the jurors. Of the assignments of error it is only necessary to consider the one, that "the verdict of the jury was contrary to the evidence." The complaining witness, Amos York, testified that he was in a hack with Silas and Cub Gibson and John York; that they were driving from Marlow to Duncan on the evening of August 13th to attend the county fair. The transcript is then as follows:

"Q. Just turn around there and tell the jury what happened when you met Green? A. We was coming down this way and met Bill Green about four miles north of here, and Silas called him out and asked him if he had anything, he said yes; we drove the buggy up close to his and stopped and Silas handed him some money and he got up and raised the cushion up and put his hand under his knee. Q. What brand of whisky was it he bought? A. I think is was Sunny Brook. Q. Now, you are sure it was pints are you? A. No, it was half pints. Q. How must did you say he paid for it? A. $2.00. Q. Paid $2.00 for two half pints of Sunny Brook whisky? A. No, it was four half pints. Q. Did you drink? A. I drank a little that day. Q. How much did you take that day before you met Mr. Green? A. I didn't take any, much. Q. About how much? A. I don't know how much? Q. Tell me how many drinks you had before you left Marlow? A. I think I had just about one. Q. Of what? A. Whisky."

Silas Gibson testified that when they met the defendant Amos York was acting pretty drunk; that Green did not sell him any whisky, nor did he pay Green any money. Cub Gibson testified that he was in the hack but he did not see Silas Gibson buy any whisky from Mr. Green; that he saw Amos York take two or three drinks before they met Green. The defendant testified on his own behalf that he met the Indians about sundown and they were all drinking; and had been fighting, that Silas Gibson was the soberest one of the bunch; that he did not sell Silas Gibson any whisky nor did Silas Gibson give him any money. It is earnestly insisted that the evidence is manifestly insufficient to sustain the verdict, and that the court erred in overruling the motion for a new trial for this reason. The right of the defendant to move for a new trial for the reason that the verdict is contrary to the evidence is provided by section 6896, Procedure Criminal:

"A court in which a trial has been had upon an issue of fact has power to grant a new trial when a verdict has been rendered against a defendant by which his substantial rights have been prejudiced, upon his application in the following cases only * * * 8th. When the verdict is contrary to law or evidence."

Considering the fact that the only witness for the state admitted that he had been drinking whisky and his contradictory statements, at one time saying that the defendant was alone and at another time that his son was with him, and making different statements as to the number of half pints that were sold, and considering that the other witnesses present all testified in direct contradiction to the statements of the prosecuting witness, and testified that he was drunk at the time they met the defendant, we do not believe that the complaining witness was worthy of credence. While the cases are very rare in which

this court interferes to disturb the judgment of the trial court, and it is only in a case when the verdict is clearly contrary to the evidence, or when from the doubtful character of the evidence against the defendant and the preponderance in his favor is such that it is evidence that the jury were influenced by passion or prejudice, that a new trial will be granted. We think that this cause falls within the rule laid down· by these cases and that a new trial should be granted. The judgment is therefore reversed.